IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TARRANCE DARON WHITLOCK | § | |
| v. | § | CIVIL ACTION NO. 5:14cv94 |
| WILLIAM STEPHENS, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS STEPHENS, BARROWS, MERCHANT, AND DUNBAR**

The Plaintiff Tarrance Whitlock, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are TDCJ-CID Director William Stephens, Access to Courts Supervisor Vickie Barrows, Warden Dawn Grounds (now known as Dawn Merchant), Telford Unit law librarian Chequita Dunbar, Dr. Reginaldo Stanley, practice manager Cathy McPeak, and physician's assistant Jamie Barker.

The Defendants Stephens, Barrows, Merchant, and Dunbar have filed a motion to dismiss, and the Defendants Dr. Stanley, McPeak, and Barker have filed a separate motion to dismiss. This Memorandum Opinion concerns the Plaintiff's objections to the Report of the Magistrate Judge recommending the motion to dismiss by Stephens, Barrows, Merchant and Dunbar be granted.

**I. Background**

Plaintiff complained on June 24, 2013, he spoke to Dunbar about obtaining a legal property box (i.e. an additional storage box). She told him to bring all of his legal materials to the law library for inventory, even though TDCJ rules require the inventory be conducted in his cell. Dunbar told him she was not coming to his cell and he had to bring his materials to the law library.

1

Plaintiff stated when he did so, Dunbar denied him a storage box based on arbitrary and capricious excuses. She told him his ten legal books were not legal publications but litigation manuals and thus could not be considered in determining whether a legal property box would be issued. According to Plaintiff, Dunbar discriminates against prisoners considered "writ writers" by denying them legal storage boxes; he has requested a legal storage box on three different occasions but has been denied each time.

Plaintiff filed a grievance and received a response signed by Warden Merchant stating he did not meet the requirements for a legal storage box. He filed a Step Two appeal of this grievance and received a response signed by Barrows stating he failed to qualify for a legal storage box but could request reconsideration in 90 days.

On August 21, 2013, during a law library session, Plaintiff wanted to use the restroom but Dunbar told him if he signed out, he could not come back. After his session was over and he signed out, Dunbar and an officer named Watts still would not allow him to use the restroom. Plaintiff states the law library, medical department, and educational department are all in 10 Building and there is a restroom for inmate use, but inmates who attend law library sessions are not allowed to use it.

Plaintiff argued Dunbar's prohibition on restroom access during law library sessions hindered the right of access to court and amounted to the deprivation of a basic human necessity. He stated according to Dunbar, she did not allow access to the restroom because her staff did not have time to pat-search prisoners for contraband after visits to the restroom, but the lack of access nonetheless discourages prisoners from using the law library and limits their time in doing so.

When Plaintiff filed a Step One grievance, the response from Warden Merchant advised him prisoners must go directly to their housing areas upon completion of law library time unless approval to go elsewhere is obtained from security staff. Watts told Plaintiff the education department was running a restroom break and Plaintiff could not go with them. Plaintiff left before the school was finished with its break. Plaintiff's Step Two appeal of this grievance was also denied, and he was

told if he needed a medical accommodation during his law library session, he must present a medical pass to the law library department.

Plaintiff also filed a grievance about only being allowed one legal visit (i.e. a visit with another prisoner to assist that individual) and not being given adequate time to assist other prisoners. This grievance was likewise denied at the Step One and Step Two levels.

On October 18, 2013, Plaintiff complained Dunbar retaliated against him by giving him a false disciplinary case. That same day, he wrote a letter to Warden Merchant about Dunbar's actions but received no response. He also filed a grievance complaining of Dunbar's actions but it was returned unprocessed.

## II. Plaintiff's Causes of Action

### A. Due Process

Plaintiff argued Dunbar violated his right to due process by failing to follow prison policy and arbitrarily denying him a legal storage box. He asserted Stephens and Merchant were personally involved because they received notification of the violations by letter and through the grievance procedure but failed to remedy or correct them, and thus personally participated in the violations and implemented illegal policies, procedures, or customs and practices.

### B. Equal Protection

Plaintiff contended he has been discriminated against and denied a legal storage box because he is a "writ writer," which he defines as a prisoner who prepares civil or criminal legal briefs and correspondence to the courts. He stated Dunbar also denied him ten hours of access to the law library per week because he is a "writ writer." Stephens and Merchant disregarded the equal protection violations by personally implementing unlawful law library policies and failed to correct the violations after learning of them. Plaintiff further asserted a "class of one" equal protection claim.

C. Cruel and Unusual Punishment

Plaintiff argued Dunbar violated his right to be free from cruel and unusual punishment by denying him access to the restroom during a two-hour law library session, thus forcing him to choose between his constitutional right of access to court and access to the restroom. Stephens, Merchant, and Barrows personally implemented unlawful policies and procedures because they received notice of the violations but failed to take corrective action.

D. Access to Court

Plaintiff complains Dunbar gave him a false disciplinary case in retaliation for his filing of a grievance, and this disciplinary case hindered his efforts in pursuing specific cases to litigate his conviction and prepare legal documents. Dunbar also did not allow him ten hours per week of law library access with regard to same-session legal visits. Plaintiff explains prisoners are only allowed two legal visits per week, limited to one hour each, meaning if a prisoner engages in same-session legal visits, he does not get the required ten hours per week of law library time. This is because the legal visit, which is one hour, is counted as the prisoner's law library session, which would otherwise be two hours.

**III. The Motion to Dismiss and the Response**

The Defendants filed a motion to dismiss arguing Plaintiff failed to show personal involvement by Merchant, Stephens, and Barrows because he is suing them in their capacities as supervisors and cannot use the grievance process to impute personal liability. They assert: Plaintiff did not allege any actual injury as a result of his claims of denial of access to court; his equal protection claim lacks merit because he did not show discrimination as a result of membership in a protected class; not being able to use the restroom while attending a two-hour law library session does not amount to cruel and unusual punishment, and in any event Plaintiff showed no injury; and, they are entitled to qualified and Eleventh Amendment immunity.

In his response, Plaintiff argued Merchant, Stephens, and Barrows were personally involved because they had knowledge of the violations through his grievances and letters but failed to take

4

corrective action. He stated he was discriminated against because he is a "writ writer" and also a "class of one." Plaintiff claimed he should be allowed access to a restroom at all times and denial of such access is a constitutional violation.

## IV. The Magistrate Judge's Report

The Magistrate Judge determined an alleged failure by prison officials to follow prison policy, without more, does not set out a constitutional claim. Because there is no constitutional right to have a legal storage box, Plaintiff was not deprived of any constitutionally protected liberty or property interest when the prison did not permit him to have one, and Plaintiff thus failed to set out a procedural due process claim. He did not show a substantive due process claim because he was not deprived of a constitutionally protected right and failed to show Dunbar's actions were not related to a legitimate state interest. In any event, Plaintiff did not show he was deprived of such process as he was due.

Next, the Magistrate Judge concluded Plaintiff did not show harm with respect to his claims of denial of access to court because he did not point to any arguable or non-frivolous lawsuit or appeal which was adversely affected by the denial of a legal storage box or the denial of access to a restroom. Plaintiff failed to show a denial of due process in the fact he did not get ten hours per week of law library access because he has no constitutional right guaranteeing him ten hours of access per week.

The Magistrate Judge cited case law from the Eastern District of Texas and the Eastern District of Louisiana finding no constitutional violations where prisoners were required to sign out of a law library session to use the restroom and were not allowed to return. Kolberg v. Pille, civil action no. 1:12cv280, 2012 U.S. Dist. LEXIS 185513, 2012 WL 6967234 (E.D.Tex., December 14, 2012), *Report adopted at* 2013 U.S. Dist. LEXIS 12857, 2013 WL 395095 (E.D.Tex., January 31, 2013); Lowe v. Green, civil action no. 6:07cv5, 2007 U.S. Dist. LEXIS 30057, 2007 WL 1217875(E.D. Tex., April 24, 2007); Jarrell v. Seal, 2004 U.S. Dist. LEXIS 1746, 2004 WL 241712 (E.D.La., February 10, 2004), *aff'd* 110 F.App'x 455, 2004 U.S. App. LEXIS 21857, 2004 WL

2368391 (5th Cir., October 21, 2004); Decker v. Dunbar, 633 F.Supp.3d 317, 341 (E.D.Tex. 2008), *aff'd* 358 F.App'x 509, 2009 U.S. App. LEXIS 28021, 2009 WL 5095139 (5th Cir., December 21, 2009).

The Magistrate Judge determined the fact Stephen, Barrows, and Merchant received grievances and letters from Plaintiff and did not take the corrective action Plaintiff believed appropriate did not show a constitutional violation, much less personal involvement in such a violation. Cervantes v. Sanders, civil action no. 2:98cv187, 1998 U.S. Dist. LEXIS 10887, 1998 WL 401628 (N.D.Tex., July 14, 1998); Welch v. Grounds, civil action no. 5:11cv200, 2013 U.S. Dist. LEXIS 46081 (E.D.Tex., February 14, 2013), *Report adopted at* 2013 U.S. Dist. LEXIS 40866 (E.D.Tex., March 22, 2013).

Although Plaintiff claimed he suffered discrimination because he is a "writ writer," the Magistrate Judge first observed not all "writ writing" activity is constitutionally protected, but only non-frivolous litigation activity. Plaintiff offered nothing to show he suffered discrimination as a result of engaging in the constitutionally protected activity of engaging in non-frivolous or arguably meritorious litigation. *See* Johnson v. Rodriguez, 110 F.3d 299, 306 (5th Cir. 1997).

The Magistrate Judge found Plaintiff failed to show he was intentionally treated differently from others similarly situated. His legal books did not qualify as "legal materials" for purposes of obtaining a storage box, as defined in the Offender Instructions for Subsequent Storage Review. Plaintiff did not identify any similarly situated person who received a legal storage box despite having publications and materials which did not qualify as legal materials.

The Magistrate Judge observed prisoners have no constitutional right to face-to-face legal visits with one another, nor is there a right to legal assistance from any particular prisoner. Plaintiff did not show any harm to himself in the fact he was hindered from assisting other prisoners with their legal work. Furthermore, Plaintiff did not identify any similarly situated persons who received ten hours per week of law library access despite having legal visits during that week. The Magistrate Judge therefore rejected Plaintiff's class-of-one discrimination claim.

The Magistrate Judge concluded Plaintiff's claim of cruel and unusual punishment failed because he did not allege facts showing unnecessary and wanton infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, or the deprivation of the minimal civilized measure of life's necessities. Although Plaintiff states he is taking medication causing him to urinate more frequently, he conceded the physician's assistant told him to take his medication after his law library session rather than before. His claim against Stephens, Merchant, and Barrows for allegedly implementing an illegal restroom policy lacked merit because Plaintiff failed to show the policy was illegal and the fact Plaintiff wrote letters and filed grievances did not give the recipients a constitutional duty to take the action Plaintiff believed appropriate.

Although Plaintiff complained he received a disciplinary case in retaliation for filing grievances, the Magistrate Judge determined his allegations in this regard were conclusory and did not show direct evidence of retaliation or a chronology from which retaliation could plausibly be inferred. Plaintiff further failed to show the law library restroom policy deprived him of access to court because he failed to show any specific harm he suffered as a result of this policy.

Plaintiff disclaimed any intent to seek monetary damages against the Defendants in their official capacities. The Magistrate Judge determined the Defendants were entitled to qualified immunity from damages in their individual capacities and Plaintiff had failed to show any entitlement to injunctive relief.

**IV. Plaintiff's Objections to the Report**

A. Due Process

In his objections, Plaintiff again insists the Defendants are not sued in their supervisory capacities but for their individual wrongdoing. He states Merchant, Stephens, and Barrows had knowledge through his grievances and letters about his claim of denial of access to the restroom, including the fact he was taking medication which caused him to urinate more frequently, but they did nothing to remedy the violations and instituted or encouraged illegal policies.

The Fifth Circuit has held prisoners do not have a constitutionally protected liberty interest in having complaints resolved to their satisfaction and there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also* Edmond v. Martin, 100 F.3d 952, 1996 U.S. App. LEXIS 29268, 1996 WL 625331 (5th Cir., Oct. 2, 1996) (prisoner's claim a defendant "failed to investigate and denied his grievance" raises no constitutional issue); Thomas v. Lensing, 31 F.App'x 153, 2001 U.S. App. LEXIS 28101, 2001 WL 1747900 (5th Cir., December 11, 2001) (same). The fact Merchant, Stephens, or Barrows may have received letters from Plaintiff or reviewed his grievances does not demonstrate personal involvement; Plaintiff cannot evade the holding in Geiger simply by casting his complaint about the denial of his grievances in the form of a claim the officials were personally involved by reason of their denials. This assertion is without merit.

Although Plaintiff concedes he has no constitutional liberty or property interest in having a legal storage box, he nonetheless insists his allegations of bias and arbitrary state action by Dunbar violate due process. He argues the Magistrate Judge did not sufficiently address Dunbar's arbitrary and capricious decision-making in refusing to issue him a legal storage box. The Fifth Circuit has stated as follows:

> In determining whether state action has violated an individual's right to procedural due process, a court must address two questions. First, it must decide if whether the state action has deprived the individual of a protected interest - life, liberty, or property. Finding such a deprivation, the court must then determine whether the state procedures available for challenging the deprivation satisfy the requirements of due process.

Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984).

Plaintiff has not shown Dunbar's actions in denying him a legal storage box and ten hours per week of law library access deprived him of a protected life, liberty, or property interest. He did not show any cognizable harm as a result of either of these alleged deprivations. Plaintiff further failed to show the state procedures available for challenging the deprivation did not satisfy the requirements of due process. He acknowledges he was able to and did file grievances concerning these deprivations at both the Step One and Step Two levels. The fact these grievances were not

8

resolved in his favor does not show he was denied due process. Plaintiff's objections in this regard are without merit.

Plaintiff contends Dunbar's "no restroom" policy violates due process because it also violates other constitutional guarantees such as the right to be free from cruel and unusual punishment. The fact his grievances and correspondence about this policy was ignored shows Stephens, Merchant, and Barrows were liable because of their inaction to an illegal custom or practice.

As the case law cited by the Magistrate Judge demonstrates, Plaintiff does not have a constitutional liberty interest in returning to the law library after leaving to use the restroom. Nor has he shown the state procedures available for challenging the deprivation did not satisfy the requirements of due process. Plaintiff's objections concerning his due process claim are without merit.

### B. Equal Protection

Plaintiff states he identified persons who were accorded an extra legal storage box despite having publications and materials which did not qualify for inclusion. Similarly, he contends there are other prisoners similarly situated to himself who receive ten hours per week of law library time despite having legal visits during that week. A review of the pleadings does not show Plaintiff identified any such persons; on the contrary, Plaintiff alleges "Dunbar instructs other law library staff to deny 'writ writers' access to legal storage boxes upon request" and "Defendant Dunbar discriminates against offenders who are 'writ writers' by arbitrarily denying them access to legal storage boxes." (Docket no. 45, p. 6). The Magistrate Judge correctly determined "writ writers" are not a protected class for purposes of an equal protection analysis and Plaintiff failed to show he was the victim of "class of one" discrimination because he offered nothing beyond purely conclusory allegations to show he was intentionally treated differently from others similarly situated. *See* <u>Bell v. Woods</u>, 382 F.App'x 391, 2010 U.S. App. LEXIS 12627, 2010 WL 2545421 (5th Cir., June 18, 2010) (plaintiff's class-of-one claim failed because he did not identify any other prisoners who were

sexual offenders but were allowed to enroll in computer classes, or nor any prisoners who were convicted of the same offense as he was or were allowed into the same courses for which he applied); Whiting v. University of Southern Mississippi, 451 F.3d 339, 348 (5th Cir. 2006).

Plaintiff also argues he has shown the denial of the storage box was the result of wrongful discrimination because his publications were legal and he qualified for the extra storage. Plaintiff acknowledges legal property is defined as "court orders, court correspondence, brief, offender grievance Step One and Two responses, judgments, pleadings, transcripts, attorney correspondence, notes, drafts, etc.," and prisoners would not be provided an extra storage box for the same or like publications available in the law library. The property possessed by Plaintiff included a number of litigation manuals and how-to guides, which are not included in the definition of legal property contained in the prison regulations. Plaintiff fails to show how the denial of a legal storage box for items not defined as "legal property" amounts to unconstitutional discrimination. His objections on the equal protection issue are without merit.

C. Cruel and Unusual Punishment

Plaintiff argues denial of access to the restroom for a two-hour period amounts to a deprivation of the civilized measure of life's necessities. He attempts to distinguish cases cited by the Magistrate Judge by asserting the Defendants knew he faced a substantial risk of harm and disregarded the risk of such harm because he told them he used the restroom more frequently than other prisoners because of the medication he was taking. He states he informed the Defendants if he was not allowed access to the restroom, he would suffer irreparable harm to his body and kidneys. Plaintiff also contends he alleged facts establishing the law library restroom policy amounted to a health threat giving rise to an Eighth Amendment claim.

In Lowe v. Green, the prisoner complained of a similar policy of denying inmates in the law library access to the restrooms. The prisoner stated he took hydrochlorothiazide, the same medication taken by Plaintiff. The prisoner was denied permission to use the restroom on three

separate occasions. He urinated on himself twice and once on the patio, but did not show any harm. He alleged cruel and unusual punishment, but the district court dismissed the claim as frivolous.

In Kolberg v. Pille, this Court held "the conditions complained of, not being able to use the restroom while attending the unit law library, simply do not amount to conditions tantamount to a wanton and unnecessary infliction of pain resulting in unquestioned and serious deprivation of basic human needs." The Court also observed the plaintiff failed to show he suffered any harm as a result of being denied restroom breaks. Likewise, in Grim v. Pille, civil action no. 1:12cv283, 2015 U.S. Dist. LEXIS 36065, 2015 WL 1321463 (E.D.Tex., March 23, 2015), this Court cited Cabrera v. Quarterman, 317 F.App'x 410, 2009 U.S. App. Lexis 6272, 2009 WL 774361 (5th Cir. 2009) in holding a policy of terminating law library sessions if a prisoner left to use the restroom did not violate the Eighth Amendment.

Plaintiff alleged no facts showing the "no restroom policy" amounted to unnecessary and wanton infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, or the deprivation of the civilized measures of life's necessities. Thus, Plaintiff failed to set out a cruel and unusual punishment claim. Wilson v. Lynaugh, 878 F.2d 846, 848 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). Although he was taking a medication which resulted in more frequent urination, he concedes the physician's assistant told him to take the medication after going to the law library instead of before. Plaintiff showed no harm which he suffered as a result of the policy. His objection on this point is without merit.

D. Denial of Access to Court and Retaliation

Plaintiff contended he was denied access to court when Dunbar charged him with a frivolous disciplinary case in retaliation for his filing grievances. The Magistrate Judge determined Plaintiff failed to set out a denial of access to court claim because he did not point to any specific potentially meritorious case in which he suffered actual harm as a result of the Defendants' actions. Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

With regard to the retaliation claim, Plaintiff's objections simply repeat the allegations of his complaint. The Magistrate Judge concluded Plaintiff did not show direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred. His pleadings show he filed three grievances against Dunbar between June and September of 2013, and over a month after the last one was filed, he was charged with a disciplinary case for talking after being told not to do so. The Magistrate Judge stated neither the temporal proximity between the filing of the grievances and the receipt of the disciplinary case nor Plaintiff's conclusory allegations the case was "bogus" or "frivolous" were sufficient to set out a viable retaliation claim. While Plaintiff argues he had never received a disciplinary case from law library personnel before he started filing grievances, this also does not show a chronology from which retaliation may plausibly be inferred. *See* Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). His objection in this regard is without merit.

### E. Qualified and Eleventh Amendment Immunity

Plaintiff asserts he is not seeking monetary damages from Defendants in their official capacities, acknowledging such a claim would be barred by the Eleventh Amendment. With regard to qualified immunity, Plaintiff sets out the qualified immunity standard and states "his pleadings show the Defendants violated a clearly established constitutional right and their conduct was objectively unreasonable. Plaintiff has overcome the defense of qualified immunity and he is entitled to injunctive relief."

Such conclusory allegations are insufficient to overcome the defense of qualified immunity. Williams-Boldware v. Denton County, Texas, 741 F.3d 635, 643-44 (5th Cir. 2014). He has failed to overcome the defense of qualified immunity and his objections in this regard are wholly conclusory and without merit.

### V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 56) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the motion to dismiss filed by the Defendants William Stephens, Dawn Merchant, Chequita Dunbar, and Vicki Barrows is **GRANTED** and the claims against these Defendants are **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 7th day of December, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE